Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California  90017-2427
Telephone:  (323) 852-1000
Facsimile:  (323) 651-2577

Attorneys for Plaintiff
ASCENTIUM CAPITAL, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ASCENTIUM CAPITAL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>INDU MOTEL, LLC. a Pennsylvania limited liability company; PRAGNESH PATEL, an individual; VASANT PATEL, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1.  **BREACH OF EQUIPMENT FINANCE AGREEMENT; AND FOR**<br>2.  **BREACH OF GUARANTIES;** |

Plaintiff alleges as follows:

## FIRST CLAIM FOR RELIEF

**(For Breach of Equipment Finance Agreement No. 2282677**

**as Against INDU MOTEL, LLC, a Pennsylvania Limited Liability Company)**

### JURISDICTION

1.     At all times herein mentioned, Plaintiff, ASCENTIUM CAPITAL LLC ("Plaintiff"), was, and still is, a Delaware limited liability company with its principal place of business in 23970 US Highway 59 North, Kingwood, Texas and is qualified and authorized to conduct business in the State of California and conducts business at 11171 Sun Center Drive, Rancho Cordova, California 95670.  Plaintiff is 100% owned by RF Acquisition, LLC a Delaware

4075965.2  |  100287-0182

1

COMPLAINT

Limited Liability Company which is 100% owned by Regions Bank, an Alabama State Bank.

2.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant INDU MOTEL, LLC ("Borrower") was, and still is, a Pennsylvania limited liability company located at in Somerset, Pennsylvania. Defendants VASANT PATEL ("Vasant") and PRAGNESH PATEL ("Pragensh"). Defendant Pragnesh is the managing member of Borrower and Vasant is also a member of Borrower.

3.     Jurisdiction exists by virtue of the fact that Plaintiff and Defendants are citizens of different states and the amount due is in excess of $75,000.00 exclusive of interest and costs pursuant to 11 U.S.C. §1332(a)(1).

## VENUE

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (2) in that this District is the District where the Defendants agreed that litigation may be filed since the contracts at issue have a forum selection clause in California and Plaintiff's place of business in California is in Sacramento, California.

5.     The within action is not subject to the provisions of Section 2981, et. seq. (Rees-Levering Act) and Section 1801, et. seq. (Unruh Act) of the Civil Code of the State of California.

6.     Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, are the agents, employees and representatives of each other and are responsible for the contracts and conduct referred to herein.

## SPECIFIC ALLEGATIONS OF COMPLAINT

7.     On or about May 16, 2018, Plaintiff loaned the sum of $175,956.00 ("Loan") to Borrower pursuant to the terms of the Equipment Financing Agreement No 2282677 ("EFA"). Pursuant to the terms of the EFA, Borrower was to make three (3) payments of $99.00 followed by sixty (60) monthly payments of $3,965.95 until the Loan was paid in full.  A true and correct copy of the EFA is attached hereto, marked Exhibit "1", and is incorporated herein by this reference.

8.     According to the terms of the EFA, Plaintiff was granted a security interest in certain personal property described in the invoices attached hereto, marked Exhibit "2", and is

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

incorporated herein by this reference ("Collateral"). Borrower acquired the Collateral with the Loan proceeds.

9.    Plaintiff also filed UCC-1 Financing Statement perfecting its lien on the EFA Collateral. A true and correct of the UCC-1 Financing Statement is attached hereto, marked Exhibit "3", and is incorporated herein by this reference.

10.    In connection with entering into the Loan, Borrower executed a Commencement Agreement agreeing that whether the Collateral was received or not, the Loan would be commenced when Plaintiff paid the proceeds from the Loan to the supplier of the Collateral. A true and correct copy of the Commencement Agreement is attached hereto, marked Exhibit "4" and is incorporated by reference.

11.    Borrower then executed a Delivery and Acceptance Certificate indicating that it received all of the Collateral and reaffirmed the terms of the Loan. A true and correct copy of the Delivery and Acceptance Certificate is attached hereto, marked Exhibit "5" and is incorporated herein by this reference.

12.    Borrower requested Loan deferral relief as a result of being in poor financial condition and Plaintiff allowed two 3 month deferrals pursuant to the terms of Amendment and Modification of Payment Terms attached hereto, marked Exhibits "6" and "7" and incorporated herein by this reference ("Modifications"). Payment deferrals went until August 15, 2020.

13.    Plaintiff has performed all conditions, covenants, and promises on its part required to be performed in accordance with the terms of the Loan evidenced by the EFA, the Modifications, and all documents and instruments executed in connection therewith.

14.    Borrower failed to make the monthly payments due for August 15, 2020, and each month thereafter after the deferral periods ended.  Demand was made on Borrower to pay all sums due but the Borrower failed to do so.

15.    As a result of the foregoing default in payments, Plaintiff has declared the Loan in default and the total sum of $174,501.80 is all due and payable less unearned interest on the Loan. All future payments which have not yet accrued must be discounted to present value at three (3%) percent and Plaintiff will discount unearned interest on future payments to present value at the

4075965.2 | 100287-0182

3

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

time of trial or a dispositive motion.

16.    Plaintiff is also entitled to late charges in at least the sum of $1,189.80 but in an amount according to proof at time of trial.

17.    Plaintiff is also entitled to reimbursement for site fee charges in the sum of $820.00.

18.    Plaintiff is entitled to its reasonable attorney's fees and costs in the amount according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF

### (For Breach of Guaranty as Against Pragnesh and Vasant)

19.    Plaintiff refers to each and every allegation contained in its First Claim and incorporates the same herein by reference as though set forth in full.

20.    In connection with making the Loan evidenced by the EFA, Defendants Pragnesh and Vasant, and each of them ("Guarantors") executed Guaranties individually obligating themselves to pay all sums due and payable to Plaintiff.  A true and correct copy of each Guaranty is part of the EFA, Exhibit "1',  and is incorporated by this reference.

21.    Plaintiff has performed all conditions, covenants, and promises on its part required to be performed in accordance with the terms of each Guaranty.

22.    As set forth above, the Loan evidenced by the EFA is in default and, after demand was made on Borrower and the Guarantors to make the payments due and no payments were made, the EFA and the Guaranties have been declared all due and payable and the sum of $174,501.80 is due and payable to Plaintiff as such sum must be discounted to present value at three (3%) percent at time of trial or a dispositive motion.

23.    Plaintiff is also entitled to late charges in at least the sum of $1,189.00 but in an amount according to proof at time of trial.

24.    Plaintiff is also entitled to site charges in the sum of $820.00.

25.    Plaintiff is entitled to its reasonable attorney's fees and costs in the amount according to proof at the time of trial.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

4075965.2 | 100287-0182

4

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On the First and Second Claims:

1.      For the sum of $174,501.80 less any interest discounted to present value at 3% in an amount according to proof;

2.      For late charges in at least the sum of $1,189.80 but in an amount according to proof;

3.      For site charges in the sum of $820.00;

4       For reasonable attorney's fees in an amount according to proof at time of trial;

On All Causes of Action:

5.      For costs of suit incurred herein; and

6.      For such other and further relief as the Court deems just and proper.

DATED:  February 26, 2021              FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
    ANDREW K. ALPER
    Attorneys for Plaintiff
    ASCENTIUM CAPITAL, LLC

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

4075965.2 | 100287-0182

5

COMPLAINT

# EXHIBIT 1


ascentium
CAPITAL

**EQUIPMENT FINANCE AGREEMENT**
**No. 2282677**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

| DEBTOR: | ADDRESS | TERM: |
|---|---|---|
| INDU MOTEL, L.L.C. | 165 WATERWORKS RD SOMERSET, PA 15501 | 63 |

**PAYMENT SCHEDULE: 3 @ $99.00, 60 @ $3,965.95**

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC ("Secured Party") and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.
**Personal Property Description:** NEW FF&E

1. **Definitions:** The words "you" and "your" refer to the DEBTOR, its successors and permitted assigns, as shown above. The words "we", "us" and "our" refer to the SECURED PARTY, its successors and assigns.

2. **Acceptance; Representations & Warranties:** We agree to lend to you, and you agree to borrow from us, an amount for the financing of the Collateral. This Equipment Finance Agreement (this "Agreement") has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing, collectively, the "Term". The Interim Term starts on the date of the funding of the loan evidenced by this Agreement. The Initial Term starts on the billing date specified by us in our sole discretion (the "Commencement Date"). We shall have no obligations under this Agreement whatsoever until we accept and sign this Agreement at our office and the satisfaction in our sole discretion of all conditions we may specify including our receipt of all documents we specify. You represent and warrant to us that all information conveyed to us in connection with this Agreement and all related documents whether by you, a guarantor, the supplier or any other person, is true, accurate, complete and not misleading. If you are an entity, the person executing this Agreement on your behalf represents to us that they are authorized to do so, making this Agreement the valid and binding act of the entity.

3. **Security Interest:** You hereby grant to us a security interest under the Uniform Commercial Code ("UCC") in the Collateral and all accessories and additions thereto and replacements thereof and all proceeds and products of the foregoing. Such security interest is granted to secure payment and performance by you of your obligations hereunder. All amounts received from you under this Agreement shall be applied towards your obligations to us as we determine.

4. **Payments:** You promise to pay us the number of payments shown above, each in the amount shown above, commencing on the Commencement Date and continuing on the same day of each month thereafter during the Initial Term (each a "Payment", and each day a Payment is due hereunder a "Payment Date"), without need of an invoice, together with all other amounts due from time to time by you hereunder. The total initial payment shall be paid upon your execution of this Agreement. If the contemplated transaction is not consummated, the total initial payment may be retained by us as partial compensation for costs and expenses incurred by us in preparation for the transaction. The amount of each Payment is based upon the total estimated cost of the Collateral, or the portion thereof being purchased with the proceeds of the loan evidenced hereby, you have provided to us and which is set forth above. If the final cost of the Collateral (or the portion being purchased) we pay the supplier is higher or lower than that estimate, we will adjust the amount of each Payment proportionately higher or lower than the Payment amount specified above. You also agree to pay, when invoiced, an amount equal to 1/30th of the Payment amount for each day from and including the date we fund the loan evidenced by this Agreement, to but excluding the first Payment Date. Following the first Payment Date, the Term shall continue without interruption for the number of months indicated above. YOUR OBLIGATION TO MAKE PAYMENTS AND PAY OTHER AMOUNTS DUE HEREUNDER IS ABSOLUTE AND UNCONDITIONAL AND NOT SUBJECT TO ABATEMENT, REDUCTION OR SET-OFF FOR ANY REASON WHATSOEVER. THIS IS A NON-CANCELABLE AGREEMENT: THIS AGREEMENT, THE TERMS OF WHICH HAVE BEEN FREELY NEGOTIATED BY EACH PARTY, IS ALSO SUBJECT TO THE TERMS AND CONDITIONS ON THE FOLLOWING PAGE WHICH IS MADE PART HEREOF AND WHICH DEBTOR AND SECURED PARTY ACKNOWLEDGE THEY HAVE READ AND ACCEPTED.

5. **DISCLAIMER OF WARRANTIES AND CLAIMS; LIMITATION OF REMEDIES:** THERE ARE NO WARRANTIES BY OR ON BEHALF OF SECURED PARTY AND NEITHER THE SUPPLIER NOR ANY OTHER PARTY IS SECURED PARTY'S AGENT. DEBTOR ACKNOWLEDGES AND AGREES: (A) SECURED PARTY MAKES NO WARRANTIES WHETHER EXPRESS OR IMPLIED AS TO THE CONDITION OF THE COLLATERAL, ITS MERCHANTABILITY, ITS FITNESS FOR ANY PARTICULAR PURPOSE; (B) DEBTOR ACCEPTS THE COLLATERAL "AS IS" AND WITH ALL FAULTS; (C) DEBTOR AGREES THAT THE COLLATERAL WILL BE USED SOLELY FOR COMMERCIAL OR BUSINESS PURPOSES; (D) IF THE COLLATERAL IS UNSATISFACTORY FOR ANY REASON DEBTOR'S ONLY REMEDY, IF ANY, SHALL BE AGAINST THE SUPPLIER OR MANUFACTURER OF THE COLLATERAL AND NOT AGAINST SECURED PARTY; (E) DEBTOR SHALL HAVE NO REMEDY FOR CONSEQUENTIAL, INCIDENTAL, SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES AGAINST SECURED PARTY, ALL OF THE SAME BEING DISCLAIMED AND WAIVED; AND (F) NO DEFECT, DAMAGE OR UNFITNESS OF THE COLLATERAL SHALL RELIEVE DEBTOR OF THE OBLIGATION TO MAKE PAYMENTS OR RELIEVE DEBTOR OF ANY OTHER OBLIGATION UNDER THIS AGREEMENT.

6. **Location; Maintenance; Installation; Insurance:** You agree to maintain records showing the location of each item of Collateral. You shall report each location to us upon our request and shall not change the location of the Collateral without our advance written consent. You are responsible for installing and keeping the Collateral in good working order. You shall not make any alterations, additions or improvements to the Collateral which detracts from its economic value or functional utility. If the Collateral is damaged or lost, you agree to continue making scheduled Payments unless we have received the Casualty Value pursuant to Section 11. You agree to keep the Collateral insured against loss during the Term and to have us named as loss payee n such coverage amounts as we may specify from time to time, from anyone who is acceptable to us. You agree to provide us with a certificate of insurance acceptable to us upon our request and if at any time you fail to deliver to us a valid certificate of insurance reflecting such insurance as being in effect, then we will have the right, but no obligation, to have such insurance protecting us placed for the Term at your expense; and if so placed, we will add to the Payments and you will pay us our costs of obtaining such insurance and any customary charges or fees of ours.

7. **Taxes and Fees; Indemnification:** You agree to pay when due and to indemnify and hold us harmless from all taxes, fees, fines, interest and penalties, including, without limitation, personal property or documentary stamp taxes, ("Taxes") relating to the use or ownership of the Collateral or to this Agreement now or hereafter imposed, levied or assessed by any taxing authority. We may in our sole discretion, elect to pay any such Taxes directly to a taxing authority and if so you agree to reimburse us on our demand for any such Taxes paid on your behalf together with any filing or processing fee charged by us. If any taxing authority requires any Taxes to be paid in advance, and we pay such Taxes, we may increase the cost of the Collateral we are financing by such amount as described in Section 4 above thereby increasing the amount of each Payment to reflect the payment of such Taxes. You also agree to pay us and reimburse us for all costs and expenses in documenting and servicing this Agreement. You agree to indemnify and hold us harmless from any suits, claims, losses or damages we suffer in any way relating to the use or ownership of the Collateral. Your obligations under this Section 7 shall survive the expiration or earlier termination of this Agreement. You agree to pay us fees in an amount in effect from time to time in connection with the documentation of the Agreement and any site inspection or lien search we deem necessary. You agree that all such fees and any insurance we obtain pursuant to the last sentence of Section 6 may not only cover our costs they may also include a profit.

8. **Personal Property:** The Collateral will be and shall remain personal property and, if requested by us, you will obtain real property waivers satisfactory to us. You shall keep the Collateral free from any and all liens and encumbrances other than those in our favor. You shall give us immediate notice of any attachment or other judicial process, liens or encumbrances affecting the Collateral. You hereby irrevocably authorize us and appoint us as your attorney-in-fact with the power to execute and to file this Agreement and any financing statement(s) or security agreement(s) with respect to the Collateral. If your signature on any financing statement or similar document is required by law, you shall execute such supplemental instruments and financing statements we deem to be necessary and advisable and shall otherwise cooperate to defend and perfect our interest in the Collateral by filing or otherwise. You also agree to pay us on demand filing and registration fees prescribed by the UCC or other law. Any Collateral that is subject to title or registration laws shall be titled and registered as directed by us.

9. **Default; Remedies; Late Charges:** If any one of the following events occur with respect to you or any Guarantor, you will be in default: (i) you fail to pay any Payment or other amount due under this Agreement, when due, (ii) you breach or fail to perform any of your other covenants and promises under this Agreement, (iii) you become insolvent, any action under the United States Bankruptcy Code is filed by or against you, make an assignment for the benefit of creditors, admit your inability to pay your debts as they become due, or if you terminate your entity existence or take any actions regarding the cessation or winding up of your business affairs. If you are in default, at our election, we can accelerate and require that you pay, as reasonable liquidated damages for loss of bargain, the "Accelerated Balance". The Accelerated Balance will be equal to the total of: (i) accrued and unpaid amounts then due under this Agreement, and (ii) the remaining Payments discounted to their then present value at 3% per annum. We can also pursue any of the remedies available to us under the UCC or any other law. In the event we seek to take possession of any part of the Collateral, you irrevocably waive to the fullest extent permitted by law any bonds, surety or security required by statute, court rule or otherwise as an incident of such possession. You agree to pay our reasonable attorneys' fees and actual costs incurred by us in enforcing our rights hereunder including repossession, storage, refurbishment and sale of the Collateral and collection costs, and all non-sufficient funds charges and similar charges. If any part of a payment is late, you agree to pay us upon our demand the following, or if less, the maximum amount allowed under applicable law: (x) a late charge equal to the greater of 10% of the payment or $25.00, (y) a charge of $30.00 for each check returned for any reason or if any ACH debit charge is not honored and (z) if we have had to perform collection activities in connection with such late payment, our specified collection charges then in effect. The foregoing will not be construed as interest but as reimbursement to us to cover administrative and overhead expenses related to the processing and collection of the late payment.

1291-20161202

**10. Assignment; Inspection**: YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN, LEASE OR ENCUMBER THE COLLATERAL OR THIS AGREEMENT. We may sell, transfer, assign or encumber this Agreement, in whole or in part, without notice to you or your consent. You agree that if we sell, transfer, assign or encumber this Agreement, the assignee will have the rights and benefits that we assign to the assignee and will not have to perform any of our obligations. You agree that the rights of the assignee will not be subject to any claims, defenses or set-offs that you may have against us. We and our agents and representatives shall have the right at any time during regular business hours to inspect the Collateral and for that purpose to have access to the location of the Collateral.

**11. Risk of Loss**: You assume and shall bear the entire risk of loss, theft, damage and destruction of the Collateral from any cause whatsoever, and no loss, theft, damage or destruction of the Collateral shall relieve you of the obligation to make Payments or any other obligation under this Agreement. You shall promptly notify us in writing of such loss, theft, damage or destruction. If damage of any kind occurs to any item of Collateral, you, at our option, shall at your expense (a) place the Collateral in good repair, condition or working order, or (b) if the Collateral cannot be repaired or is lost, stolen or suffers a constructive loss under an insurance policy covering the Collateral, pay to us the "Casualty Value." The Casualty Value will be equal to the total of (i) accrued and unpaid amounts then due and owing, and (ii) the remaining Payments discounted to present value at 3%, in both cases as of the date the Casualty Value is received by us.

**12. Choice of Law; Waiver of Jury Trial**: Subject to the following sentence, this Agreement shall be governed by, construed, interpreted and enforced in accordance with the laws of the state of California. If any amount contracted for, charged or received in connection with this Agreement constitutes interest or regulated time-price differential governed by, not exempt from, and in excess of amounts lawfully permitted, under California law (the "Subject Amount"), then (i) if the law of state in which Debtor resides (as indicated in Debtor's address above; the "Debtor's State") would permit the lawful contracting for, charging or receipt of any part of the Subject Amount, then the parties agree that the law of Debtor's State shall govern as to the contracting for, charging and receipt of such interest or regulated time-price differential and (ii) if clause (i) preceding is not applicable, Secured Party shall make any necessary adjustments so as to eliminate such excess. Debtor agrees to provide Secured Party advance written notice and an opportunity to cure pursuant to the preceding sentence any contract, charge or receipt claimed by Debtor to be unlawful; and Secured Party may calculate maximum lawful amounts by amortizing, prorating, allocating, discounting, treating months as equal intervals, and spreading in each case to the fullest extent permitted by applicable law. You consent to the non-exclusive jurisdiction of the federal and state courts located in the state of California in any action or proceeding relating to this Agreement, YOU WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH ACTION OR PROCEEDING, AND YOU WAIVE ANY RIGHT TO ASSERT THIS IS AN INCONVENIENT FORUM.

**13. Miscellaneous**: During the Term, you agree to provide us with all financial statements and copies of tax returns we may request. If we supply you with labels, you shall label any and all Collateral and shall keep the same affixed in a prominent place. If any provision hereof or any remedy herein provided is found to be invalid under any applicable law, the remaining provisions hereof, shall be given effect in accordance with the manifest intent hereof. The parties agree that each Payment includes interest. You agree that a waiver of breach will not be a waiver of any other subsequent breach, and that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. YOU AGREE THAT WE WILL NOT BE LIABLE FOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS AGREEMENT. Section headings are for convenience and are not a part of this Agreement. You agree that by providing us with an email address or telephone number for a cellular or other wireless device, you expressly consent to receiving communications including email, voice and text messages from us or our affiliates or assigns at that email address or telephone number, and this express consent applies to each such email address or telephone number that you provide to us now or in the future and permits such communications regardless of their purpose. These calls and messages may incur access fees from your internet or wireless provider. You agree that the original of this Agreement may be electronically duplicated and a copy hereof may be introduced in lieu of the original thereof and without further foundation. The parties hereto expressly waive the secondary evidence rule. You agree that this Agreement will be binding upon your successors, permitted assigns, heirs and legal representatives. You authorize us to complete any blank in this instrument or in any document executed or delivered in connection herewith that contemplates a date by inserting a date deemed appropriate by us. Time is of the essence with respect to your obligations hereunder. No term or provision of this Agreement may be amended, altered, waived or discharged except by a written instrument signed by both parties to this Agreement. Any formal notice given pursuant to this Agreement shall be deemed given 2 business days after being placed with the U.S. Postal Service, postage prepaid, addressed to the Debtor at its address set forth above, or to Secured Party at 23970 Hwy 59 N, Kingwood, TX 77339-1535, or such other address as a party may designate by written notice to the other. If Debtor constitutes more than one person, you agree that the liability of each such person hereunder is joint and several. Any restrictive endorsement on any check you give us in payment of any amount due hereunder shall be void. You may not prepay this Agreement without our prior written consent. A facsimile or other copy of this Agreement, as executed, shall be deemed the equivalent of the originally executed copy for all purposes. All amounts payable hereunder by you if not paid when due shall accrue interest at a rate of interest of 1.5% per month or the highest rate allowed by applicable law if less, from the due date thereof until received by us in cash and shall be payable on demand. This Agreement may be executed in separate counterparts which together shall constitute one and the same instrument. You agree this Agreement may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law.

By signing below Debtor hereby irrevocably accepts the Collateral under this Agreement and irrevocably authorizes Secured Party to pay the supplier on behalf of the Debtor. The person executing this Agreement is authorized to do so, making this Agreement the valid and binding act of the Debtor.

| Debtor Name: | INDU MOTEL, L.L.C. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | ☒ | By: | Bryan S. Wheeler |
| Printed Name and Title: | PRAGNESH PATEL, Managing Member | Printed Name and Title: | Bryan Wheeler, Senior Vice President |

**GUARANTY**: The undersigned ("you", "your", jointly and severally if more than one) unconditionally guarantees to Secured Party and its assigns the prompt payment and performance when due of all of the obligations of the Debtor under the Agreement and all related documents executed by the Debtor in connection with it (collectively with the Agreement, the "Agreements"). We shall not be obligated to proceed against the Debtor, the property being financed under the Agreements or enforce any other remedy before proceeding against you to enforce this Guaranty. Notwithstanding any changes made to the Agreements in the course of our dealings with the Debtor, this Guaranty will remain in effect with respect to the Agreements as so changed even if you are not notified of the changes and will remain in effect even if the Agreements or any of them are no longer enforceable against the Debtor. You waive all presentments, demand for performance, notices of protest, notices of dishonor, notices of acceptance of this Guaranty and all other notices to which you may have a right. You agree to pay us all the expenses incurred by us in enforcing this Guaranty. You may not assign this Guaranty without our written consent. This Guaranty shall be governed by, construed, interpreted and enforced in accordance with the laws of the state of California without reference to its principles of conflicts of laws. You consent to the non-exclusive jurisdiction of the federal and state courts located in the state of California in any action to enforce this Guaranty and you waive any right to assert this is an inconvenient forum. You consent to us conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others. This Guaranty may be executed in separate counterparts which together shall constitute one and the same instrument.

| Guarantor Signature: | ☒ | Printed Name: | VASANT PATEL |
|---|---|---|---|
| Guarantor Signature: | ☒ | Printed Name: | PRAGNESH PATEL |

**AUTHORIZATION FOR ACH PAYMENTS**: Debtor authorizes Secured Party or Secured Party's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by you from time to time under the Agreement. This Authorization is to remain in effect during the Term of the Agreement and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to us, by either a credit or debit to Debtor's account.

| Bank Name: | SOMERSET TRUST COMPANY | Account Holder Name: | INDU MOTEL LLC. |
|---|---|---|---|
| Account No: | 2000441482 | ABA No.: | 043 308 691 |
| Authorized Signature: | ☒ | Printed Name and Title: | PRAGNESH PATEL MANAGING MEMBER |

# EXHIBIT 2

# NEILMAX INDUSTRIES

TEL:908-756-8800 FAX 908-756-8855
15/A Progress Street,
Edison,NJ 08820
www.neilmax.com

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/14/2018 | 4033 |

| Bill To | Ship To |
|---------|---------|
| SURE STAY INN/INDU MOTEL LLC<br>165 WATERWORKS RD,<br>SOMERSET,PA 15501<br>TEL:732-221-2833/732-221-2351<br>VASANTBHAI/PRAGNESH | SURE STAY INN/INDU MOTEL LLC<br>165 WATERWORKS RD,<br>SOMERSET, PA 15501<br>TEL:732-221-2833/732-221-2351<br>VASANTBHAI/PRAGNESH |

| P.O. No. | Terms | Contact | Ship Via |
|----------|-------|---------|----------|
| | | | |

| Quantity | Item | Description | Rate | Amount |
|----------|------|-------------|------|--------|
| 18 | FURNITURE | FOR KING ROOM: 1HEADBOARD,2 NIGHTSTAND,1 TV CHESTWITH MICROFREEZE SPACE,1 WRITING DESK,1 DRESSOR MIRROR | 1,575.00 | 28,350.00T |
| 39 | FURNITURE | FOR QUEEN QUEEN ROOM: 2 HEADBOARD,1 NIGHTSTAND,1 TV CHESTWITH MICROFREEZE SPACE,1 WRITING DESK,1 DRESSOR MIRROR | 1,575.00 | 61,425.00T |
| 57 | CHAIR | ARM CHAIR- 702 D | 179.00 | 10,203.00T |
| 57 | TATUNG -... | TATUNG COMBO:<br>TR-35SD-BK  Auto Defrost Refri. 3.5 cu.ft.<br>TMO-7GD-BK -0.7 cu.ft. M/Wave Touchpad | 249.00 | 14,193.00T |
| 1,950 | CARPET | GUEST ROOM CARPET- PADDING- WITH INSTALLATION | 23.50 | 45,825.00T |

| | |
|---|---|
| | Subtotal |
| Purchaser is responsible for all sales and use taxes due. Any unpaid balance within 30 days of the date of billing shall be subject to interest @ 1.5% per month. All claims for merchandise must be made within 7 days in writing, and any dispute shall be filed in the court of the State of NJ. | Sales Tax (0.0%) |
| | Payments/Credits |
| | **Balance Due** |

# NEILMAX INDUSTRIES

TEL:908-756-8800 FAX 908-756-8855
15/A Progress Street,
Edison,NJ 08820
www.neilmax.com

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/14/2018 | 4033 |

| Bill To |
|---------|
| SURE STAY INN/INDU MOTEL LLC<br>165 WATERWORKS RD,<br>SOMERSET,PA 15501<br>TEL:732-221-2833/732-221-2351<br>VASANTBHAI/PRAGNESH |

| Ship To |
|---------|
| SURE STAY INN/INDU MOTEL LLC<br>165 WATERWORKS RD,<br>SOMERSET, PA 15501<br>TEL:732-221-2833/732-221-2351<br>VASANTBHAI/PRAGNESH |

| P.O. No. | Terms | Contact | Ship Via |
|----------|-------|---------|----------|
|          |       |         |          |

| Quantity | Item | Description | Rate | Amount |
|----------|------|-------------|------|--------|
| 40 | TV | 43" TV<br><br>We will give you upto $175000 which is approve form financing company not more than that ,so please let me know which items you need which one you want to take it out .<br>please update me so i can work with Financing company<br><br><br>Thanks<br>Neil patel | 399.00 | 15,960.00T |

| | |
|--|--|
| Subtotal | $175,956.00 |
| Sales Tax (0.0%) | $0.00 |
| Payments/Credits | $0.00 |
| Balance Due | $175,956.00 |

Purchaser is responsible for all sales and use taxes due. Any unpaid balance within 30 days of the date of billing shall be subject to interest @ 1.5% per month. All claims for merchandise must be made within 7 days in writing, and any dispute shall be filed in the court of the State of NJ.

# EXHIBIT 3

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**CT Lien Solutions**
Representation of filing

**This filing is Completed**
File Number : 2018051701681
File Date   : 17-May-2018

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: 800-331-3282 Fax: 818-662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Lien Solutions                    64175207
330 N Brand Blvd #700
Glendale, CA  91203              PENN

File with: Secretary of CommonWealth, PA

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| INDU MOTEL, L.L.C. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 165 WATERWORKS RD | SOMERSET | PA | 15501 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| C T Corporation System, as representative | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 330 N Brand Blvd, Suite 700, Attn: SPRS | Glendale | CA | 91203 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
The equipment, personal property and other assets (collectively, "Property"), financed under, covered by or described in the lease, rental, equipment finance agreement or installment payment agreement designated as Agreement No. 2282677, together with all replacements for, additions to, substitutions for and accessions to the Property and all proceeds of any of the foregoing, including, without limitation, proceeds of insurance.  Secured party/lessor and debtor/lessee agree that that a more detailed description of the Property being financed shall be maintained by secured party/lessor among its books and records in whatever more detailed description of the Property financed is received from the supplier of such Property and, absent manifest error, such detailed description shall be deemed dispositive and considered incorporated into the Agreement.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
64175207

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

# EXHIBIT 4



**COMMENCEMENT AGREEMENT**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

## Agreement No. 2282677

Date: May 16, 2018

You, the Customer, and Ascentium Capital LLC ("we", "us", "our") have entered into the above referenced equipment lease, equipment finance agreement, secured loan or similar agreement (which may be one or more schedules to a master agreement) ("Agreement") pursuant to which we will be financing the Equipment or Collateral as defined in and described in the Agreement (in either case "Equipment") as set forth in this Commencement Agreement ("CA"). The Equipment is being delivered at various times and the vendor or vendors of the Equipment have to be paid for each item of Equipment at or before its delivery to you. You agree to commence the initial non-cancelable term of the Agreement immediately even though items of Equipment remain to be delivered to and accepted by you from one or more vendors.

### NOW THEREFOR, you and we hereby agree as follows:

1. The term of the Agreement will commence on the date of this CA, with the interim term commencing on the date set forth above and the initial term commencing as provided in the Agreement. You acknowledge and agree that notwithstanding the fact that not all items of Equipment have been delivered to and accepted by you as of the date set forth above, the terms and conditions of the Agreement, including your obligation to pay all amounts of rent or debt service set forth in the Agreement, shall commence immediately and, except as otherwise specifically set forth in this CA, irrevocably.

2. You agree to inspect and accept for purposes of the Agreement all undelivered items of Equipment immediately upon their delivery to you. If, when delivered, an item of Equipment is damaged or non-conforming, you agree to cause the vendor in question to repair and/or replace any such item of Equipment and you agree to immediately accept any conforming replacement and/or repaired Equipment for all purposes under the Agreement while continuing to meet all of your payment and other obligations under the Agreement.

3. All amounts anticipated to be disbursed by us on your behalf that have not been disbursed as of the date of this CA will be deemed disbursed by us into a separate holding account for your benefit ("Account"), the contents of which shall be debited by the amount of each subsequent disbursement to vendor(s) as contemplated by this CA. To secure your obligations to us under the Agreement and this CA, you hereby grant to us a security interest in the contents of the Account and any proceeds.

4. The Agreement contemplates a pro-rata adjustment to the payments owed by you under the Agreement in the event the purchase price of the Equipment and other amounts, if any, paid by us on your behalf are higher or lower than those on which the payments set forth in the Agreement are based. Following the delivery and acceptance of all items of Equipment set forth in the Agreement, we shall make any necessary adjustments to the payments as contemplated by the Agreement. You agree that we will have no liability to you in the event we determine to terminate the funding of any vendor because we have determined, in our sole discretion, that there has been a material adverse change in your creditworthiness from that on which we based our approval of the Agreement. In any circumstance contemplated by the preceding sentence, we will continue the Agreement with the Equipment accepted by you and funded by us as of the date we determine to terminate funding the Agreement and we will reduce the amount of each payment of rent or debt service you owe under the Agreement proportionally, taking into account the higher payments made by you up to the date of that determination and any balance in the Account shall revert to us.

5. This CA sets forth the entire agreement of the parties with respect to its subject matter and it may only be amended by a written instrument executed by you and us. In the event of a conflict between this CA and the terms of the Agreement, the terms of this CA shall govern and control, provided however, except as explicitly set forth in Section 4 above, nothing set forth in this CA shall be deemed to affect your obligation to pay and perform all of your obligations as set forth in the Agreement without setoff, abatement or counterclaim. This CA shall terminate and be of no further force and effect following your acceptance and our funding of the last item of Equipment being financed under the Agreement. This CA will be governed by and construed in accordance with the laws of the jurisdiction governing the Agreement.

You agree that a facsimile or other copy of this CA, as executed, shall be deemed the equivalent of the originally executed copy for all purposes.

| CUSTOMER: | INDU MOTEL, L.L.C. | SECURED PARTY: | Ascentium Capital LLC |
|---|---|---|---|
| Signature: | | By: | |
| Printed Name: | PRAGNESH PATEL | Printed Name: | Bryan Wheeler |
| Title: | Managing Member | Title: | Senior Vice President |

Bryan S. Wheeler
Senior Vice President

301-20180108

# EXHIBIT 5



**DELIVERY AND ACCEPTANCE CERTIFICATE**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2282677**

To:    Ascentium Capital LLC

The undersigned hereby certifies: (i) that all of the property which is to be leased, financed or sold, as applicable, pursuant to the rental agreement, lease agreement, equipment finance agreement, note, security agreement, loan and security agreement, conditional sale agreement or similar document referenced above (which may be one or more schedules to a master agreement) (the "Agreement") between Ascentium Capital LLC as payee, lessor, lender, secured party or seller and the undersigned as renter, lessee, debtor, buyer or other obligor (the "Equipment"), has been delivered to, and received by, the undersigned, (ii) the Equipment conforms in all respects to that ordered by the undersigned, (iii) its condition is satisfactory in all respects to the undersigned and (iv) that the Equipment is accepted by the undersigned under the Agreement in all respects, and the undersigned hereby irrevocably directs Ascentium Capital LLC to pay the equipment suppliers the purchase price of the Equipment.

The undersigned agrees that a facsimile or other copy of this Delivery and Acceptance Certificate, as executed, shall be deemed the equivalent of the originally executed copy for all purposes. By executing this Delivery and Acceptance Certificate the undersigned irrevocably acknowledges and agrees that the undersigned's non-terminable installment payment and other obligations under the Agreement have commenced.

**CUSTOMER: INDU MOTEL, L.L.C.**

Signature:

Printed Name:    PRAGNESH PATEL

Title:    Managing Member

Date Signed:    5 | 17 | 18

371-20161010

# EXHIBIT 6



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2282677

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Indu Motel, L.L.C.,  having offices located at 165 WATERWORKS RD  , SOMERSET, PA 15501 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement ("Agreement") as referenced above; and

WHEREAS, the Agreement provided for, among other things, terms of payment for the equipment which was the subject of the Agreement; and

WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1.      Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
   a.   **Beginning 2/15/2020, 3 (three) payments of $0.00**
   b.   **Beginning 5/15/2020, 43 (forty three) payments of $3,965.95,** due on or before the due date each month;

2.      Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect.  In the event that this Modification is not strictly adhered to, Creditor reserves the right to revoke this Modification, in which event all payments under the Agreement will be due as originally scheduled.  You agree that a facsimile copy of this Modification as executed by you shall be deemed the equivalent of an originally executed copy for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Indu Motel, L.L.C. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By:  ⮽ | *signature* | By: | *signature* |
| Printed Name: | PRATIK PATEL | Printed Name: | Dan Bocash |
| Title: | MANAGER / PARTNER | Title: | SVP-Client Relations |

2946-20200319

# EXHIBIT 7



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2282677

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Indu Motel, L.L.C.,  having offices located at 165 WATERWORKS RD SOMERSET PA 15501 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement  as referenced above (as amended, supplemented or otherwise modified from time to time (the "Agreement"); and

WHEREAS, the Agreement provides for, among other things, terms of payment for the equipment or other property which was the subject of the Agreement; and

WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1.  Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
    a.  **Beginning 06/15/2020, payments of $0.00**
    b.  **Beginning 08/15/2020, regular payments to resume according to the original agreement**
    c.  **On 03/15/2024, a COVID19 modification payment of $3,965.95**

2.  Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect. This Modification may be executed in separate counterparts, which together shall constitute one in the same instrument.  You agree this Modification may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. A copy of this Modification shall be deemed to be an original for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Indu Motel, L.L.C. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | | By: | |
| Printed Name: | VASANT PATEL | Printed Name/Title: | Dan Bocash |

2956-20200513

**VERIFICATION**

**STATE OF TEXAS, COUNTY OF HARRIS**

I have read the foregoing **COMPLAINT FOR: (1) BREACH OF EQUIPMENT FINANCE AGREEMENTS; (2) BREACH OF GUARANTIES** and know its contents.

☐      I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒      I am Vice President - Asset Management of Ascentium Capital LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

         ☒      I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

         ☐      The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐      I am one of the attorneys for Ascentium Capital LLC, a party to this action.  Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January  8 , 2021, at Kingwood, Texas.

 Jerry Noon
Print Name of Signatory

Signature

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000