UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENTIUM CAPITAL LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>INDU MOTEL, LLC, et al.,<br><br>  Defendants. | No. 2:21-cv-00376 KJM CKD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Before the court is plaintiff's ("Ascentium") motion for default judgment against defendant Indu Motel LLC and two individual defendants, Pragnesh Patel and Vasant Patel. (ECF No. 16.) Defendants, proceeding pro se, failed to file an opposition to the motion for default judgment in accordance with Local Rule 230(c). Accordingly, the hearing on the motion set for October 22, 2021 was vacated and defendants were given additional time to respond to the motion. (ECF No. 17.) Defendants were advised that failure to timely respond would result in a recommendation that default be entered against them. (Id.) Defendants have not timely responded.

The undersigned has fully considered the briefs and record in this case and, good cause appearing, THE COURT FINDS AS FOLLOWS:

////

1

I.	BACKGROUND

Plaintiff initiated this action on March 1, 2021, alleging breach of an equipment finance agreement and breach of guaranties. (ECF No. 1.) Plaintiff avers that defendant Indu Motel ("Borrower") is a Pennsylvania limited liability company located in Somerset, Pennsylvania; that defendant Pragnesh Patel is the managing member of Borrower; and that defendant Vasant Patel is also a member of Borrower. (Id. at 2.) On June 2, 2021, all three defendants were served with the complaint (ECF Nos. 7, 8, 9), but subsequently failed to respond. On August 11, 2021, the Clerk of Court entered default as to defendants. (ECF No. 15.) Plaintiff filed the instant motion for default judgment on October 5, 2021. (ECF No. 16.) To date, defendants have not appeared or taken any action in this case.

The complaint alleges as follows:

On or about May 16, 2018, Plaintiff loaned the sum of $175,956.00 ("Loan") to Borrower pursuant to the terms of an Equipment Financing Agreement ("EFA"). Under the EFA, Borrower was to make three payments of $99.00 followed by sixty monthly payments of $3,965.95 until the loan was paid in full. (ECF No. 1, ¶ 7.) According to the terms of the EFA, plaintiff was granted a security interest in certain personal property—specifically, multiple headboards, nightstands, desks, refrigerators, and other motel furnishings that defendants purchased with the Loan—which served as collateral for the Loan. (Id., ¶ 8, Exhibit 2.) Defendants Pragnesh and Vasant Patel ("Guarantors") executed Guaranties individually obligating themselves to pay all sums due and payable to plaintiff under the EFA. (Id., ¶ 20, Exhibit 1.)

Borrower requested Loan deferral relief as a result of being in poor financial condition, and plaintiff allowed two three-month deferrals pursuant to the terms of an Amendment and Modification of Payment Terms ("Modifications"). Payment deferrals went until August 15, 2020. (Id., ¶ 12, Exhibits 6 & 7.) Borrower failed to make the monthly payments due for August 15, 2020, and each month thereafter after the deferral periods ended. Plaintiff has performed all conditions, covenants, and promises on its part required to be performed in accordance with the terms of the Loan as evidenced by the EFA and related contractual documents. (Id., ¶ 13.) Demand was made on Borrower to pay all sums due, but Borrower failed to do so. (Id., ¶ 14.)

As a result, plaintiff has declared the Loan in default and the total sum of $174,501.80 is all due and payable less unearned interest on the Loan. All future payments which have not yet accrued must be discounted to present value at three percent (3%) and plaintiff will discount unearned interest on future payments to present value. (Id., ¶ 15.) Plaintiff is also entitled to late charges in at least the sum of $1,189.80, plus reimbursement for site fee charges in the sum of $820.00. (Id., ¶¶ 16, 17.) Plaintiff also seek attorney's fees. (Id. at 5.)

II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v.

Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim").  A party's default does not establish the amount of damages.  Geddes, 559 F.2d at 560.

III.     DISCUSSION

A.     Appropriateness of the Entry of Default Judgment Under the Eitel Factors

*1. Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would potentially face prejudice if the court did not enter a default judgment.  Absent entry of a default judgment, plaintiff would be without another recourse against defendants.  Accordingly, the first Eitel factor favors the entry of a default judgment.

*2. Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.  Plaintiff pleads two claims for relief: (1) breach of contract against defendant Indu Motel and (2) breach of guaranty against defendants Pragnesh and Vasant Patel.

a.     Breach of Contract Claim

The elements of a claim for breach of contract under California law are the existence of a contract, performance by the plaintiff, breach by the defendant, and damage to the plaintiff as a result of defendant's breach. See Great American Insurance Co. v. MIVCO Packing Co., LLC, No. 08–05454, 2009 WL 942390, *3 (N.D. Cal. Apr. 6, 2009) (citing Amelco Electric v. City of

4

Thousand Oaks, 27 Cal.4th 228, 243 (2002)).

The court concludes that the complaint adequately alleges each element of a breach of contract claim against defendant Indu Motel. Plaintiff asserts that it entered into an EFA with Indu Motel, and later, two amendments and modifications at defendants' request, which served to defer defendants' payment obligations. Copies of these documents are attached to the complaint.

Plaintiff alleges that it performed its obligations under the EFA, and that Indu Motel breached the EFA by failing to make timely payments as required. Finally, plaintiff alleges that it has suffered damages in the amount of unpaid principal, which became due and owing under the acceleration clause following defendant's breach of contract. As Indu Motel has failed to appear and defend, it has admitted the truth of the allegations, except as to the amount of damages, which the court discusses below. Accordingly, the court concludes that plaintiff has sufficiently alleged a claim for breach of contract against Indu Motel.

b. Breach of Guaranty Claim

A claim for breach of guaranty requires the existence of a contract, plaintiff's performance or excuse for failure to perform under the contract, defendant's breach, and resulting damage to the plaintiff. Kennedy Funding, Inc. v. Chapman, No. C 09–01957, 2010 WL 4509805, *6 (N.D. Cal. June 18, 2010) (citing Acoustics, Inc. v. Trepte Constr. Co., 14 Cal.App.3d 887, 913 (1992)); see also Rancho Mountain Properties, Inc. v. Gray, No. 11–CV–00358 BEN (BLM), 2012 WL 1192755, *2 (S.D. Cal. 2012) (same). Thus, the elements for a breach of guaranty claim are the same as the elements of a breach of contract claim. See Bank of the Sierra v. Kallis, No. CIV F 05–1574 AWI SMS, 2006 WL 3513568, *7 (E.D. Cal. Dec. 6, 2006); see also Blue Growth Holdings Ltd. v. Mainstreet Limited Ventures, LLC, No. CV 13–1452 CRB, 2013 WL 4758009, *2 (N.D. Cal. Sept. 4, 2013) (noting that by signing a guarantee, the guarantor entered into a contract with plaintiff).

Plaintiff's complaint adequately alleges the elements of a breach of guaranty claim against defendants Pragnesh and Vasant Patel. In addition to the allegations set forth above, plaintiff alleges that the two individual defendants executed Guaranties obligating themselves to pay all sums due and payable to plaintiff under the EFA, as set forth in the contract attached to the

complaint. Taken together with the allegations and exhibits set forth above, this suffices to state a breach of guaranty claim against Pragnesh Patel and Vasant Patel.

Because plaintiff's allegations are taken as true following the entry of default, the court concludes that plaintiff has met his burden to state the breach of contract and breach of guaranty claims asserted in the complaint. Accordingly, the second and third Eitel factors favor the entry of a default judgment.

3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff seeks a default judgment against defendants, jointly and severally, on each of its claims for relief, in the sum of $183,659.16, comprised of the sum of $171,570.16 plus attorney's fees in the sum of $10,278.00 and costs in the sum of $1,811.00. (ECF No. 16-1 at 13-14.) Plaintiff avers that the amount of damages is liquidated and a sum certain is capable of mathematical determination pursuant to the terms of the EFA. "In particular, the Lease provides for all of the amounts now being sought in the default judgment, including payments, discounted to present value at 3%, late charges, site fees, and attorney's fees and costs." (Id.)

Although the court more closely scrutinizes the requested damages, attorneys' fees, and costs below, the court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment. Under these circumstances, the court concludes that this factor favors the entry of a default judgment.

4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

The facts of this case are relatively straightforward, and the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. Thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is

6

no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

5. *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is no indication in the record that defendants' default was due to excusable neglect. Despite having been properly served with plaintiff's complaint, the requests for entry of default, and the instant motion for default judgment, defendants failed to appear in the action. Moreover, defendants have remained unresponsive after the entry of default against them, and after plaintiff filed the instant motion. Thus, the record suggests that defendants have chosen not to defend themselves in this action, and that the default did not result from excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

6. *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendants and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

B. Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. The undersigned has reviewed the declaration of plaintiff's Vice President and Asset Manager, Jerry Noon. (ECF No. 16-2 ("Noon Decl.")

Noon avers that, as of August 30, 2021, the following amounts are owed by Defendants, jointly and severally, to Plaintiff under the EFA and Guaranties:

> a. principal in the sum of $169,561.16 which is calculated by taking the entire receivable due pursuant to the EFA in the sum of $174,501.80 and then discounting unearned interest on future payments due under the EFA to present value at 3% per annum as required pursuant to the EFA which makes the total sum due as of August 2021 in the sum of $169,561.16; plus
>
> b. late charges in the sum of $1,189.00. The actual amount of late charges is more than that sum but Plaintiff understands that it cannot get more than was stated in the Complaint; and
>
> c. reimbursement for site inspection charges of $820.00.
>
> These amounts total the sum of $171,570.16.

(Noon Decl., ¶ 16.) This analysis appears both reasonable and supported by the declaration and attached records.[1]

Plaintiff also requests $10,278.00 in attorney's fees and $1,811.00 for costs, for a total of $13,911.86. Attached to the Noon declaration are billing records from the law firm of Frandzel, Robins, Bloom & Csato for services rendered to plaintiff over the course of this action. (Noom Decl., Ex. 9.) Having reviewed these records, the undersigned concludes that the number of hours spent on the case and the billing rates appear reasonable, resulting in an award of combined fees and costs in the amount of $13,911.86.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No.16) be GRANTED;

////

////

////

////

---

[1] As to the motel furnishings that comprise the Loan collateral under the EFA, the Noon declaration states: "Because the Collateral is located in Pennsylvania Plaintiff is not seeking to Claim and Deliver it in this action and therefore it is not part of this case." (Noon Decl., ¶ 20.)

8

2.        Judgment be entered in favor of plaintiff Ascentium Capital LLC and against defendants Indu Motel LLC, Pragnesh Patel, and Vasant Patel, jointly and severally, in the amount of $183,659.16, comprised of principal in the amount of $171,570.16; attorney's fees of $10,278.00; and costs in the sum of $1,811.00.

3.        The Clerk of Court be directed to vacate all dates and close this case.

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith serve copies of this order and findings and recommendations on defendants by U.S. mail at their last-known addresses.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 1, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ascentium376.default_fr

9